Richardson, J.,
delivered tbe opinion of tbe court:
This case is understood to be a class case, tbe final decision of which, settling tbe construction of a statute under which many officers of tbe Army are paid, renders it of importance to others than tbe present claimant, and involves pecuniary interests beyond tbe amount here in controversy.
Tbe claimant was regimental quartermaster of tbe Tenth Regiment of Cavalry, and as such officer received tbe salary of' $1,800 a year, to which be was entitled by Revised Statutes,, § 1261.
On tbe 22d of October, 1875, be was assigned to duty as assistant commissary of post, “in addition to bis other duties,” and was made responsible for all public funds, property, &c., which be should receive in that capacity; and by virtue of that assignment be served as acting assistant commissary from November 1,1875, to February 28,1877. For tbe performance of tbe additional duties to which be was thus assigned be bas not been paid, and now brings this action to recover payment therefor at tbe rate of $100 a year, under tbe provision of tbe Revised Statutes, § 1261, allowing that compensation to an acting assistant commissary in addition to tbe pay of bis rank.
*4 On tbe part of the United States two objections to the claimant’s right of recovery are presented, and upon those objections the defense of the case rests.
' First. It is contended that the pay of the claimant’s rant was 11,600 a year, and that as he has received $1,800 as quartermaster, he has already been paid more than he would be entitled to by adding the $100 allowed for his services as acting assistant commissary to the pay of his rank.
Second. The Army Regulations, published in 1863, article No. 1345, p. 351, provided that “no officer shall receive pay for two staff appointments for the same time,” and it is insisted that the claimant was holding a second staff appointment in performing the duties of assistant commissary, for which, by that regulation, he was excluded from having any compensation in addition to his salary as a staff officer under his appointment as a regimental quartermaster.
We are all of opinion that neither of these grounds of defense is tenable.
The Revised Statutes, in § 1102, provide that “the adjutant and the quartermaster of each regiment [of cavalry] shall be extra lieutenants, selected from the first or second lieutenants of the regiment,” and the claimant was so selected.
Ey § 1261 there are several grades of pay for lieutenants: First lieutenant, mounted, $1,600; not mounted, $1,500. Second lieutenant, mounted, $1,500; not mounted, $1,400. Regimental quartermaster (who is an extra lieutenant), whether first or second lieutenant, and whether mounted or not mounted, $1,800.
The claimant was entitled to and received no other “pay of his rank” than that allowed to him as quartermaster — $1,800 a year; not $1,600, as first lieutenant, mounted, and $200 extra for additional services as quartermaster, as claimed by defendants.
The compensation of quartermaster is, by statute, a fixed salary, an entire sum, allowed to his rank, according to the duties which he is appointed to perform.
' Ei like manner, by the same section of the Revised Statutes, a first lieutenant, nnmounted, is allowed $1,500, and mounted, $1,600; not $1,500 as the pay of his rank as first lieutenant, with $100 extra for being mounted. And the same difference of salary is made between second lieutenants mounted and those not mounted. And' so, if either becomes a quartermaster, he is *5 an extra lieutenant, and a still different salary is allowed to Mm. In either case the amount is not made up of items, but is one indivisible sum, the pay of Ms rank
Before the passage of the Act of July 15,1870, chapter 294, section 24 (16 Stat. L, 32Ó), now Revised Statutes, § 1261, above cited, quartermasters were not paid as they now are, but received, first, fixed salaries as subalterns, with $5 o'r $25, or $10 and forage, or $10 and forage for two horses, montMy, in addition to their “regimental pay,” or “pay in the line.” [Act of April 30, 1790, ch. 10, secs. 5, 6, 1 Stat. L., 120; Act of May 30? 1796, ch. 39, sec. 12,1 Stat. L., 484; Act of March 3,1799, ch. 48, 1 Stat. L., 750; Act of February 11, 1847, ch. 8, secs. 4, 9 Stat. L., 124.) And the arguments for the defendants are founded entirely upon departmental rulings, wMch were established (whether correct or not, it is unnecessary now to determine) under laws wMch are no longer in force, and which have given place to a new policy by the law-making power as to the pay of quartermasters, making it a fixed salary attached to their rank and appointment, instead of a rate ,of pay made up by computation for separate services, and without any additional compensation as such for the performance of their distinct duties as quartermasters as before.
As to the Army regulation that “no officer shall receive pay for two staff appointments for the same time,” we are of opirnon that it has no application to such a case as tMs of the claimant, who neither held nor claimed the pay of two staff appointments, There is no such staff officer, attached to a regiment or post or elsewhere in the Army, as “assistant commissary,” whose appointment is provided for by law; while the statutes are explicit as to what officers the Army shall consist of. (Rev. Stat,, §51094-, 1110.
Section 1140 of the Revised Statutes provides for a subsistence department, to consist of one commissary-general, four assistant commissaries-general, and sixteen commissaries, with dif-. ferent rank, from captain to brigadier-general, and they all belong to the general staff of the commander-in-chief, and none are assigned to regiments. (Rev. Stat., § 1102.)
Nor did the claimant have any appointment as “assistant commissary.” By that designation he was assigned, to special duty by the commander of Ms regiment; that is, was detailed to assist the commissaries; but that did not constitute him a. *6 staff officer on tbe general staff of the commander-in-chief in the Commissary Department, nor give him a staff appointment in his regiment, which is not by law entitled to an assistant commissary. He held but one staff appointment, that of quartermaster, and the fact that he was assigned to perform some of the duties of another staff officer of much higher rank and pay did not place him in the position of holding two staff appointments.
The statute provision in Revised Statutes, § 1261, allowing $100 a year to an acting assistant commissary in addition to the pay of his rank, does not establish the office of assistant or acting assistant commissary, in the absence of any other provision for the appointment or assignment to duty of such an officer. The amount of compensation would seem sufficiently to indicate that such was not the intention of Congress.
The Army Regulations relied upon by the defendants were approved by the President and promulgated by the Secretary of War August 10,1861, and were published with additions and alterations in 1863. By the Act of July 28, 1866, chapter 299, section 37 (14 Stat. L., 337), Congress directed a new code to be prepared and reported; “the existing regulation to remain in force until Congress shall have acted on said report.” A report was subsequently made, but never acted upon.
When the Revised Statutes were framed, section 37 of act of 1866, ch. 229, was omitted, while the rest of the act, or all that was supposed to be in force, was incorporated therein. By section 5596 of the revision it is provided that “all acts of Congress passed prior to said 1st day of December, 1873, any portion of which is embraced in the revision, are hereby repealed.” And by the Act of March 1, 1875, chapter 115 (18 Stat. L., 337), the President is authorized to make and publish regulations for the government of the Army in accordance with existing laws.
What is the present status of these regulations, and whether or not they now have the force of law, it is not necessary to decide, because, in our opinion, the one relied upon by the defendants does not apply to the claimant’s case, and if so intended when made in 1861 or when confirmed by Congress in 1866, it would not control an express provision of statute enacted in 1870 and still found in the Revised Statutes.
For such additional duties, involving great responsibilities and risks as those to which the claimant was assigned as “ act *7 ing assistant commissary,” tbe statute expressly allows a compensation at tbe rate of $100 a year, and tbe claimant will bave judgment for $133.33.
Losing-, J.,was not present when tbe decision was announced, but took part in tbe consideration of tbe case and concurred in tbe opinion.
Nott, J., was not present when tbe case was submitted, and took no part in tbe decision.